**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark William Kelly,<br><br>    Plaintiff,<br><br>v.<br><br>Travis J Rice, et al.,<br><br>    Defendants. | No. CV-23-00349-TUC-CKJ<br><br>**ORDER** |

    Plaintiff filed this action on July 27, 2023. He alleges that several Defendants, including the Pima County Sheriff's Department and several deputies, none who were named in his other pending actions, violated his constitutional rights. Plaintiff alleges that on July 30, 2021, Defendants Rice, Duarte, and Ponza questioned him for trespassing on a neighbor's property and subsequently arrested him for failing to identify himself. (First Amended Complaint (FAC) (Doc. 9) at 2–3.) Further, Plaintiff alleges that on September 8, 2021, he spoke with Defendant Carey at the "precinct's Internal Affairs (IA) office" about filing a formal complaint, *id.* at 3, but was interrupted by Defendant Kastigar, thereby, precluding him from filing a complaint regarding the July 30 incident, *id.* at 3–4.

    This case, like CV 23-68 TUC CKJ and CV 24-01 TUC CKJ, arose when Plaintiff was engaged in video recording flooding that was allegedly affecting his property. (First Amended Complaint (Doc. 9) at 2 ¶1, *see also*: CV 23-68 TUC CKJ (Complaint (Doc. 1) at 2 ¶¶ 11-12 (July 29, 2021, Richmond Construction sidewalk trespass (same); CV 24-01 TUC CKJ (January 18, 2022, live streaming Richmond Construction site)). All of

Plaintiff's cases were randomly assigned to this Court when the Honorable Angela M. Martinez recused herself to prevent an appearance of impropriety, pursuant to 28 U.S.C. § 455(a). (Order (Doc. 40)). Her recusal makes the pending Motion to Stay Re: Recusal (Doc. 38) moot.

Like Defendant did in CV 23-68 TUC-CKJ, Plaintiff in this case objects to video evidence submitted by Defendants to support its Motion for Summary Judgment. He files a Motion for Reconsideration of the Judge Martinez' Order issued on December 5, 2024, that granted leave to file a Youtube video recording, nonelectronically, as an exhibit to the Defendants' Motion for Summary Judgment. He finds the corresponding filing of the Motion for Summary Judgment suspicious, and argues it was improper for Judge Martinez to grant the motion without affording him an opportunity to respond. As the Court explained in CV 23-68 TUC-CKJ: "Objections to admissions of evidence on written motions "must be presented in the objecting party's responsive or reply memorandum, and not in a separate motion to strike or other separate filing." LRCiv. 7.2(m)(2). Leave to file the video exhibit in support of the motion was not a substantive evidentiary determination but was instead necessary to allow the nonelectronic submittal of the video recording into the record. The Court denies the Motion for Reconsideration of the Order granting Defendants leave to submit the video exhibit to the Motion for Summary Judgment, nonelectronically. Plaintiff may make his arguments in opposition to the evidentiary merits of the video in his Response to the Motion for Summary Judgement, due January 10, 2025. (Order (Doc. 35)).

Plaintiff withdraws his Motion to Strike the Motion for Summary Judgment/Motion for Judgment on the Pleadings. (Doc. 44.) The parties stipulate to extend the time by 30 days for Plaintiff to Respond to the pending diapositive motion. (Doc. 45.)

Plaintiff has filed a Motion for Leave to Include Electronic (Video and Audio recordings) as exhibits to his Response to Defendants' dispositive motion. Video and Audio recordings cannot be submitted to the Court electronically. Such recordings must be submitted nonelectronically. The Court grants Plaintiff leave to submit audio and video

recordings as exhibits to his Response, nonelectronically, on a thumb drive. Plaintiff must provide a Court Copy of the audio or video exhibits on a second thumb drive. There is no need for a hearing to address discovery and case management issues. Discovery is closed as explained above, dispositive motions have been filed, and Plaintiff's Response is due. Subsequently, Defendants will file their Reply, and the Court will rule on the pending dispositive motion. If the Plaintiffs' case survives summary judgment, the parties' Joint Pretrial Order will be due and thereafter the case will be set for trial.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 36) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Stay Re: Recusal (Doc. 38) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Motion to Withdraw (Doc. 44) is GRANTED Re: Motion to Strike the Motion for Summary Judgment/Motion for Judgment on the Pleadings (Doc. 41) and Motion for Hearing or Conference Re: Discovery/Case Management (Doc. 43). The Clerk of the Court shall reflect that these motions (Docs. 41 and 43) are no longer pending resolution.

**IT IS FURTHER ORDERED** that pursuant to the parties' stipulation (Doc. 45), the Plaintiff shall file the Response to the Motion for Summary Judgment/Motion for Judgment on the Pleadings by **February 9, 2025,** and Defendants shall file a Reply by **February 24, 2025.**

**IT IS FURTHER ORDERED** that the parties shall comply with the directive for conducting settlement talks by October 24, 2024, and filing a joint report on settlement talks, within seven days of the filing date of this Order. (Case Management Order (Doc. 15) at 5 ¶ 7.)

/////
/////
/////
/////

1  **IT IS FURTHER ORDERED** that Plaintiff's request to submit audio and video recordings as exhibits to his Response to the Motion for Summary Judgment/Motion for Judgment on the Pleadings is GRANTED; Plaintiff shall submit such exhibits nonelectronically.

Dated this 10th day of January, 2025.

.

_____
Honorable Cindy K. Jorgenson
United States District Judge